Dear District Attorney Smith:
This office has received your request for an official Attorney General Opinion in which you ask the following questions:
 1. May the board of county commissioners pay the county election board secretary a $500 per month travel allowance?
 2. May the board of county commissioners supplement the county election board secretary's salary in any other manner?
 3. May the board of county commissioners compensate the county election board secretary as an employee of any other county office or for any other county position?
 INTRODUCTION
Generally, you ask how, if at all, the board of county commissioners can pay the county election board secretary at a rate above the amount set by 26 O.S.Supp. 2009, § 2-118 [26-2-118]. In construing a statute, the cardinal rule is to ascertain the intent of the Legislature by considering the language of the statute as a whole, in light of its general purpose. TXO Prod. Corp. v. Okla. Corp.Comm'n, 829 P.2d 964, 968-69 (Okla. 1992).
The Oklahoma Legislature authorized the State Election Board to appoint a secretary of each county's election board. 26 O.S. 2001, § 2-112[26-2-112]. The salary and fringe benefits paid to each secretary is paid from county funds on a monthly basis and is reimbursed from funds appropriated by the Legislature to the State Election Board. 26 O.S.Supp. 2009, § 2-118[26-2-118](B).
In Attorney General Opinion 77-104, we concluded that the county election board secretary is a county officer rather than a state officer. Id at 3. Because the position of county election board *Page 2 
secretary serves a county function, has no authority or responsibility outside the boundaries of the county for which the secretary was appointed, and eligibility for the position is tied to county voter registration, the position of county election board secretary has been previously determined to be a county office.Id.; see also A.G. Opin. 83-230, at 437.
 I. MONTHLY TRAVEL ALLOWANCE FOR COUNTY OFFICERS
You first ask whether the county election board secretary may receive a monthly travel allowance. As a county officer, the secretary of the election board must follow relevant election laws contained in Title 26 of the Oklahoma Statutes as well as the applicable laws that relate to county government and county officers found in Title 19 of the Oklahoma Statutes. Counties have only such authority as is granted by statute, and county commissioners derive their powers and authority only from statutes and are limited in exercising corporate powers to fields expressly assigned to counties by the Legislature. Tulsa Exposition Fair Corp. v. Bd. of CountyComm'rs, 468 P.2d 501, 507-08 (Okla. 1970).
A review of travel laws for county officers reveals that a travel allowance in lieu of traveling expenses is authorized for certain listed county officers, including each county commissioner, county sheriff, county assessor, county clerk, court clerk and county treasurer. 19 O.S.Supp. 2009, § 165[19-165](A). The statute in pertinent part states:
 In lieu of reimbursement for traveling expenses within their county each county commissioner and sheriff may receive a monthly travel allowance of Six Hundred Dollars ($600.00). In lieu of the reimbursement for traveling expenses authorized by law for each county officer, each county assessor may receive a monthly travel allowance of Five Hundred Dollars ($500.00), and each county clerk, court clerk and county treasurer may receive a monthly travel allowance of Four Hundred Dollars ($400.00).
Id.
A review of the travel statutes for county officers reveals that the Legislature has not extended the list of officers that may receive a travel allowance in lieu of traveling expenses beyond those in Section 165. If the Legislature had intended for other county officers, such as the county election board secretary, to be paid a travel allowance in lieu of traveling expenses, it could have specifically said so either in the statutes creating the county election board or in the statutes authorizing the travel allowances. Instead, the Legislature made it clear that only the county officers listed in 19 O.S.Supp. 2009, § 165[19-165](A) may receive a travel allowance in lieu of traveling expenses. While the legislative intent is clear from a review of the statutes, it is even clearer by the Legislature's silence in not listing the county election board secretary as one who may receive a travel allowance in lieu of traveling expenses. "[L]egislative silence, when it has authority to speak, may be considered as giving *Page 3 
rise to an implication of legislative intent." Ethics Comm'n v.Keating, 958 P.2d 1250, 1256 (Okla. 1998).
 II. SUPPLEMENTING THE SALARY OF THE COUNTY ELECTION BOARD SECRETARY
You ask whether the county commissioners may supplement the salary of the county election board secretary in some other manner. The Oklahoma Legislature created the position of county election board secretary and specified how the salary is to be determined. The salary of the election board secretary is fixed according to the number of registered voters in the county pursuant to 26 O.S.Supp. 2009, § 2-118[26-2-118](A). The number of voters upon which the salary is based is re-examined every two years, according to the provisions of the statute. Id.
§ 2-118(B). Counties not only have "powers granted in express words," but also possess those "necessarily or fairly implied or incidental to the powers expressly granted." Shipp v. Se. Okla. Indus. Auth.,498 P.2d 1395, 1398 (Okla. 1972).
There is no provision of law authorizing the county commissioners to pay, or the secretary of the county election board to receive, a salary in excess of the amount fixed by 26 O.S.Supp. 2009, § 2-118[26-2-118](A). The Legislature specified that the salary was tied directly to the number of registered voters in each county, established limits upon when this number would be re-determined, set other salary restrictions not relevant to your inquiry, and could have authorized some type of additional salary supplement. The Legislature chose not to grant county commissioners the power to increase the salary of the county election board secretary based upon criteria other than those listed above. Since the Legislature specified the bases for the county election board secretary's salary, the power to alter those and supplement the salary cannot be reasonably inferred from the powers granted to the county commissioners. Thus, the county commissioners have no authority to supplement the salary of the county election board secretary beyond what is set by statute.Id. § 2-118(A).
 III. COMPENSATING THE INCUMBENT COUNTY ELECTION BOARD SECRETARY AS AN EMPLOYEE OF ANOTHER COUNTY OFFICE
Next, we examine whether the county election board secretary may be compensated as an employee of another county office or for another county position. Since we have determined that the county commissioners have no authority to supplement the salary of the county election board secretary beyond the statutory limits, we must also examine whether the county election board secretary could also serve as an employee of another county office. "It is axiomatic that public officials cannot do indirectly what they are prevented from doing directly." Sanders v. Benton,579 P.2d 815, 818 (Okla. 1978) (citation omitted).
Therefore, a county election board secretary could not receive money merely as a salary supplement without doing work for an actual position. This raises the question of whether the county election board secretary, after satisfying all the requirements of that office, could also serve as an employee in *Page 4 
another county office. As we examine that question we look at other limitations on county officers, including dual office holding prohibitions.
A. Dual Office Holding
The "dual office holding" provision of Oklahoma law generally prohibits officers and deputies from holding other offices. 51 O.S.Supp. 2009, § 6[51-6](A). The law in pertinent part provides as follows:
 A. Except as may be otherwise provided, no person holding an office under the laws of the state and no deputy of any officer so holding any office shall, during the person's term of office, hold any other office or be the deputy of any officer holding any office, under the laws of the state.
Id. The county election board secretary has previously been determined to be a county officer. See A.G. Opin. 77-104, at 3. Although there are currently twenty-eight listed exceptions to the dual office holding prohibition, none apply to your inquiry. The dual office holding prohibition would prevent the secretary from holding another county office, and would also prevent the secretary of the county election board from serving as a deputy of any other officer. 51 O.S. Supp. 2009, § 6[51-6](A).
B. What is an Office for Dual Office Holding Purposes?
All counties in Oklahoma have elected county officers, and some have additional non-elected county officers. An enumeration of other county officers who are elected officers is found at 19 O.S.Supp. 2009, § 131[19-131], and includes the offices of county commissioner, county clerk, county treasurer, county assessor, county sheriff, and court clerk. Other non-elected county officers, including but not limited to public defenders, may also be found in some counties. 19 O.S. 2001, § 138.1a [19-138.1a].
For an analysis on the term "officer" for dual office holding purposes, Oklahoma law is well settled. Oklahoma City v. CenturyIndemnity Co., 62 P.2d 94 (Okla. 1936), is the leading Oklahoma case addressing the definition of the term "officer" under state law. Century Indemnity stated that for a person to be an "officer," (1) the "position must be created or authorized by law;" (2) "certain definite duties [must be] imposed by law on the [officer];" and (3) the duties must involve "the exercise of some portion of the sovereign power." Id. at 97.
The dual office holding prohibition also prevents an officer from serving as the deputy of another officer. The common usage of the term "deputy" is "a person appointed . . . as the substitute of another and empowered to act for him, in his name, or in his behalf . . . a second in command or an assistant who usu[ally] takes charge when his superior is absent." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 607 (3d ed. 1993). In determining whether a deputy is a public officer the Oklahoma Supreme Court stated, "[t]he business and object of a deputy is to perform the duties of his principal. . . . [A] deputy is ordinarily regarded as the agent or servant of his principal." Century Indemnity,62 P.2d at 97 (citations omitted). *Page 5 
Therefore, to determine whether other non-elected county positions are offices, each would be evaluated on whether the position was created or authorized by law, whether certain definite duties were imposed by law on the officer, and whether the duties involve the exercise of some portion of the sovereign power. Similarly, whether a county employee served as a deputy to a county officer would depend upon the limitations above. For instance, a county election board secretary could not also serve as a county sheriff or as a deputy sheriff, nor as the county public defender because of the dual office holding prohibition of 51 O.S.Supp. 2009, § 6[51-6]. However, a county election board secretary may be able to be an employee of another county office, subject to certain limitations.
C. Serving as an Employee of Another County Office
Whether the board of county commissioners may compensate the county election board secretary as an employee of any other county office or for any other county position for services and time worked beyond that of the office of county election board secretary depends upon a number of factors. For the person serving as county election board secretary that office and its duties must be the priority, and dual office holding issues may not exist with any other possible employment. 51 O.S.Supp. 2009, § 6[51-6]. The county election board secretary must determine whether, after completing the work requirements for that office, there is additional time to work for another county office. If so, that additional county work must not conflict with the office hours and other time requirements to perform the duties of county election board secretary. "Every person elected or appointed to any office or employment of trust or profit under the laws of the State, or under any ordinance of any municipality thereof, shall give personal attention to the duties of the office to which he is elected or appointed." OKLA. CONST. art. II, § 11. There must be no conflict in duties between the election board office and the other county employment. Funding for the payment for the additional work must be within the allowable funding limits of the other county office. "County officers shall have no authority to make salary commitments beyond the amount of the funding so provided." 19 O.S.Supp. 2009, § 180.65 [19-180.65](D). When these conditions are met, a person also serving as the county election board secretary may be able to be an employee of another county office and be compensated for such additional actual work, not in an illusory position.
It is, therefore, the official Opinion of the Attorney Generalthat:
 1. The board of county commissioners has no authority to pay the county election board secretary a monthly travel allowance. 19 O.S.Supp. 2009, § 165[19-165](A).
 2. The board of county commissioners may not supplement the county election board secretary's salary in any other manner, as that salary is set by the Legislature pursuant to 26 O.S.Supp. 2009, § 2-118[26-2-118].
 3. Whether the board of county commissioners may compensate the county election board secretary as an employee of any other county office or for any other county position is dependent upon a number of factors. These *Page 6 include: a) the county election board secretary must give personal attention to that office, b) there must be time available for additional work with another county office beyond that needed to fulfill the duties of county election board secretary, c) there must be no dual office holding prohibition between the election board office and the other county employment, d) no conflict may exist between the office hours and time required to perform the duties of secretary of the county election board and the other hours worked for the county, e) no other conflict may exist between the duties of the election board and the other county employment, f) there must be funding available to pay for the additional county work being performed by the person holding the office of county election board secretary, and g) the other county employment must be for actual work, not for an illusory position. OKLA. CONST. art. II, § 11; 51 O.S.Supp. 2009, § 6[51-6]; 19 O.S.Supp. 2009, § 180.65[19-180.65].
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GLEN D. HAMMONDS ASSISTANT ATTORNEY GENERALPGPage 1